IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ROBERTA REAGAN, § | |
| Plaintiff, § | |
| § | |
| v. § | No. 3:13-CV-4099-D (BF) |
| § | |
| SOCIAL SECURITY ADMINISTRATION, § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b), this case has been referred to United States Magistrate Judge Paul D. Stickney for screening. Before the Court is Plaintiff Roberta Reagan's ("Plaintiff") Motion for Leave to Proceed *In Forma Pauperis* (doc. 5, "Motion for IFP"). For the following reasons, the Court recommends that the District Court **DENY** the Motion for IFP.

**Discussion**

On October 10, 2013, Plaintiff filed her motion requesting the Court to allow her to proceed *in forma pauperis* in this suit. In her Motion for IFP, Plaintiff indicated that her spouse works at AMEC and receives $11,250.00 a month in income. Plaintiff's spouse has been employed consistently since 2010 and has made at least $10,000.00 a month since that time. Regarding her assets, Plaintiff described her home valued at $225,900.41, for which her spouse makes monthly mortgage payments, and two vehicles, a 2003 Ford Truck F-250 and a 2009 Honda Accord, for which her spouse makes monthly payments of $355.85. The total value of the two vehicles is estimated at $13,223.13. Additionally, Plaintiff indicated that she has an IRA account with Edward Jones which has $150,000.00 in the account. Her spouse also has a checking account with Bank of Texas which contains $350.00 in the account. While the Court recognizes that Plaintiff and her

spouse have numerous expenses, those expenses do not exceed the income of Plaintiff's spouse.

In light of Plaintiff's spouse's income and their combined assets and expenses, Plaintiff has failed to demonstrate that she is unable to pay the required filing fee or give security therefor, as required under 28 U.S.C. § 1915(a)(1). Instead, their income and assets show that Plaintiff will not suffer undue hardship by paying the $400.00 filing fee.[1] Thus, the Court finds Plaintiff's Motion for IFP should be **DENIED.**

## RECOMMENDATION

The Court recommends that the District Court deny Plaintiff leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The Court further recommends that the District Court dismiss this action for failure to prosecute, unless Plaintiff tenders the $400.00 filing fee to the District Clerk within thirty (30) days of the filing of this recommendation.

**SO RECOMMENDED**, October 16, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court notes that in her motion, Plaintiff indicates that she has not hired an attorney yet, but she plans on paying an attorney for services in connection with this case.

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).