IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERTA REAGAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:13-CV-4099-D |
| VS. | § | |
| | § | |
| CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY, | § § § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Ronald D. Honig, Esquire ("Honig"), plaintiff's counsel, petitions under 42 U.S.C. § 406(b) for an award of $25,687.50 in attorney's fees for representing the plaintiff in this court. Honig recognizes that, if this award is made under § 406(b), he will be obligated to refund to the plaintiff the smaller fee awarded to him under the EAJA. The Commissioner in her role as the plaintiff's trustee considers herself to be empowered neither to stipulate as to Honig's requested fee nor to independently question the reasonableness of the requested fee. Instead, she asks the court to exercise its discretion to determine whether the requested $25,687.50 attorney's fee award is reasonable for the services rendered, and she defers to the court's determination of the reasonableness of the requested fee.

The court grants Honig's petition, finding that the requested fee is reasonable. It is undisputed that Honig incurred 27.40 hours of time representing the plaintiff in this court. At the hourly rate of $375.00—which the court finds is reasonable for someone of Honig's experience and expertise—this would result in a lodestar fee award of $10,275.00. Plaintiff entered into a

contingent fee agreement with Honig. The requested award of $25,687.50 represents a multiple of precisely 2.5 times the lodestar—a multiple that courts have approved.

The court's review of the record leads it to find that the requested fee of $25,687.50 is reasonable in this case, considering the nature and extent of the services rendered, the prevailing rate, the successful result obtained for the plaintiff, and the risk that Honig assumed in representing the plaintiff.

Accordingly, Honig's petition is granted, and he is awarded the sum of $25,687.50 as reasonable attorney's fees under 42 U.S.C. § 406(b). Honig must refund to the plaintiff the sum of $5,246.90 awarded to him under the EAJA.[*]

**SO ORDERED**.

May 23, 2016.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE

---

[*]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.